**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at PIKEVILLE**

**CIVIL ACTION NO. 07-3-DLB**

**KENNETH ARNETT**                                                                 **PLAINTIFF**

**vs.**                          **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security**                                                          **DEFENDANT**

**\* \* \* \* \* \* \* \* \* \* \* \* \* \***

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Kenneth Arnett filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on September 28, 2004 (date of protective filing). (Tr. 68-75). Plaintiff alleges he became unable to work on December 31, 2002. (Tr. 68, 73). He alleges disability "due to low back and foot pain, and increasingly worsening anxiety." (Tr. 15). His applications were denied initially and upon reconsideration. (Tr. 29-36, 42-44). At Plaintiff's request, an administrative hearing was conducted on April 10, 2006, by Administrative Law Judge (ALJ) Andrew J. Chwalibog. (Tr. 237-56). On April 25, 2006, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB or SSI

payments. (Tr. 14-22). This decision became the final decision of the Commissioner when the Appeals Council denied review on December 8, 2006. (Tr. 4-6).

On January 9, 2007, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication. (Doc. # 9, 10).

## II.      DISCUSSION

### A.      Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts

from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## B.      The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. 15, 21).  At Step 2, the ALJ found Plaintiff's estimated borderline intelligence and unspecified anxiety disorder to be severe within the meaning of the regulations. (Tr. 15-17, 21).  At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4.  (Tr. 18, 21).  At Step 4, the ALJ found that Plaintiff retains the following residual functional capacity (RFC):

> while "moderately" limited in the ability to understand, remember, and carry out detailed instructions; maintain attention/concentration for extended periods; interact appropriately with the general public; and to respond appropriately to changes in the work setting; he remains capable of understanding, remembering, and sustaining attention with simple, even-paced tasks; relating adequately in an object-focused setting; and adapting to expected routine task demands.

(Tr. 20-22).  Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was able to perform his past relevant work as a painter. (Tr. 21-22).  Based on his finding at Step 4, the ALJ did not have to address Step 5.  Furthermore, because the evidence established that Plaintiff was not precluded from performing his past relevant work, the ALJ determined that Plaintiff was not disabled under the Social Security Act. (Tr. 21-22).

**C.     Analysis**

Plaintiff raises one challenge in his appeal.  Plaintiff claims that the ALJ erred by

failing to articulate his consideration, if any, of the third-party function report completed by

Tabatha L. Toth, a friend of Plaintiff's. (Tr. 172-80).[1]

Ms. Toth's report includes a statement which provides the following: "Kenneth seems

to be nervous and stressed.  The last few times I've seen him he has been shaky in

movement.  He complains of not sleeping and hurting all over at times." (Tr. 179).  Plaintiff

contends that the ALJ's failure to explicitly indicate that Ms. Toth's statement was

considered requires reversal.  Specifically, Plaintiff argues that the ALJ "erred by not

explaining the weight accorded Ms. Toth's statement." (Doc. #9-2 at 4).  According to

Plaintiff, this omission amounts to a failure to follow the guidance provided in Social

Security Ruling 06-3p, 2006 WL 2329939 (S.S.A.), and a violation of 20 C.F.R. §

404.1513(d)(4).[2]

SSR 06-3p was intended to clarify how the Social Security Administration considers

opinions and other evidence from both medical sources who are not "acceptable medical

sources" and from "'non-medical sources,' such as teachers, school counselors, social

workers, and others who have seen the individual in their professional capacity, as well as

---

[1] Plaintiff notes that "there are several other third party function report statements in the evidence of record," (Tr. 129-37, 152-60, 163-71), which were likewise not specifically explained or mentioned by the ALJ in his decision. (Doc. #9-2 at 7 n.1).

[2] It should be noted that this claim implicates both 20 C.F.R. § 404.1513(d)(4) concerning Disability Insurance Benefits and its parallel Supplemental Security Income section,  20 C.F.R. § 416.913(d)(4).  For ease of reference, the Court will be citing to 20 C.F.R. § 404.1513(d)(4) exclusively.

evidence from employers, spouses, relatives, and friends." *Id.* at *4.  SSR 06-3p provides in relevant part:

> [T]he case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity.  Although there is a distinction between what an adjudicator must consider and what an adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, *when such opinions may have an effect on the outcome of the case.*

*Id.* at *6 (emphasis added).

As Defendant points out, Ms. Toth's third party function report would have no effect on the outcome of the case. (Doc. #10 at 4-5).  To the extent that Ms. Toth's statement contradicts the medical evidence in the record, the ALJ was well within his discretion to give more weight to the conclusions of medical professionals.  Moreover, even if it is accepted that Ms. Toth's statement supports the ALJ's finding that Plaintiff suffered from an "unspecified anxiety disorder," (Tr. 21), recitation of this statement would have been redundant, since this impairment was acknowledged by the ALJ. (Tr. 21).

Plaintiff also contends that, because Ms. Toth's statement *supports* the ALJ's finding that one  of Plaintiff's severe impairments was an "unspecified anxiety disorder," (Tr. 21), the ALJ "erred by not explaining the weight accorded Ms. Toth's statement." (Doc. #9-2 at 4).  In support of this argument, Plaintiff cites *Lashley v. Secretary of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983).  In *Lashley*, the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where...it is fully supported by the reports of the treating physicians."  *Id.* at 1054.

Despite Plaintiff's position, however, Ms. Toth's statement as to Plaintiff's alleged physical disability is not "fully supported by the reports of the treating physicians." *Id.* In fact, it is the absence of any history of treatment that is problematic for Plaintiff. The ALJ noted that, while Plaintiff "reports having numerous physical concerns," there is no "significant treatment history." (Tr. 19). Plaintiff "managed his residual pain symptoms with over-the-counter medication." (*Id.*). The physical exams that were conducted did not support Plaintiff's allegation of disability. (*Id.*). As discussed above, to the extent that Ms. Toth's statements support the ALJ's finding that Plaintiff has estimated borderline intelligence and unspecified anxiety disorder, explicit reference to her statement would have been needlessly duplicative. These severe impairments were acknowledged by the ALJ and deemed not to constitute disability within the meaning of the Social Security Act.

In *Dunlap v. Barnhart*, 2004 WL 784837 (W.D. Tenn. 2004), the social security claimant similarly argued that the ALJ failed to take into consideration the lay witness testimony of two non-medical sources, in violation of 20 C.F.R. § 404.1513(e)(2).[3] Specifically, she argued that the ALJ's written decision did not specifically indicate whether he considered the testimony and statements of her daughter-in-law and her friend. *Id.* at *10. The court began by citing *Lashley*, 708 F.2d at 1054, where, as discussed above, the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where...it is fully supported by the reports of the treating physicians." *Dunlap*, 2004 WL 784837, at *10. The

---

[3] The 2000 amendments switched paragraphs (d) and (e) of 20 C.F.R. § 404.1513. As a result, § 404.1513(e)(2) ("Information from non-medical sources"), which was at issue in *Dunlap*, was not amended substantively, but was merely re-designated § 404.1513(d)(4). Because Plaintiff's argument on appeal also implicates § 404.1513(d)(4), the Court finds the reasoning in *Dunlap* instructive.

court noted, however, while the testimony and statements of lay witnesses must be considered, an ALJ does not have to discuss every piece of evidence presented as long as the record is developed fully and fairly. *Id.* (citing *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993); *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988)). With this framework in mind, the court concluded that, even though the ALJ did not specifically address the written statements of the claimant's daughter-in-law and friend in his written decision, he did specifically indicate that he carefully considered "all the evidence, including documents identified in the record as exhibits, testimony at the hearing, and any arguments presented." *Id.* According to the court, the ALJ did not err in that regard. *Id.*

Similarly, the ALJ in this case stated, "[u]pon reviewing all of the evidence of record, the undersigned Administrative Law Judge concludes that claimant is not disabled within the meaning of the Social Security Act." (Tr. 14). The ALJ also noted, "[a]fter careful consideration of the entire record, the Administrative Law Judge makes the following findings." (Tr. 21). Plaintiff argues that "this standard blurb cannot reasonably be said to be sufficient to comply with SSR 06-3p." (Doc. #9-2 at 7 n.2). However, the language of 20 C.F.R. § 404.1513(d)(4) does not impose any requirements on an ALJ, nor does an ALJ have to discuss every piece of evidence presented. *See Higgs*, 880 F.2d at 864 (holding that the Appeals Council did not err by failing to "spell out" in its opinion the weight it attached to lay witness testimony where the Council's opinion stated that it "considered the entire record which was before the administrative law judge"); *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993).

In his motion for summary judgment, Plaintiff acknowledges that his argument was rejected by the *Dunlap* court. (Doc. #9-2 at 5-6). However, he argues that the court in that

case did not specifically address the effect of the 2000 amendments to 20 C.F.R. §

404.1513.[4]  The regulation provides in part:

> In addition to evidence from the acceptable medical sources listed in
> paragraph (a) of this section, we *may* also use evidence from other sources
> to show the severity of your impairment(s) and how it affects your ability to
> work.  Other sources include, but are not limited to--
>
> (4) Other non-medical sources (for example, spouses, parents and other
> caregivers, siblings, other relatives, friends, neighbors, and clergy).

20 C.F.R. § 404.1513(d) (emphasis added).  The plain language of the regulation permits,

but does not require, an ALJ to expressly consider third-party information in determining

the severity of a claimant's impairment(s), and how it affects his ability to work.  *See id.*

An ALJ does not have to discuss every piece of evidence in the record.   While an

ALJ *may* use evidence from non-medical sources, such as relatives, friends, etc., they do

not have an affirmative duty based on case law or applicable regulations to expressly

consider and weigh this type of evidence in making his or her ultimate determination of

disability.   Furthermore, reference to the at-issue report would not have changed the

outcome.  As there is substantial evidence to support the ALJ's finding that Plaintiff is not

disabled under the Social Security Act, his decision should be affirmed.

---

[4] Language in the Federal Register addressing these amendments provides:
> We are redesignating prior paragraph (e) of those sections, "Information
> from other sources," as paragraph (d).  Our intent in switching the positions
> of these two paragraphs is to make it clearer that, when we decide whether
> the evidence in a case is complete enough for a determination, we consider
> all the evidence in the case record, including the medical evidence from
> acceptable medical sources identified in paragraph (a), information from the
> individual, and any evidence that may have been provided by other sources,
> such as those identified in final paragraph (d).
>  65 FR 34950-01, at *34952.

II.     **CONCLUSION**

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 3rd day of December, 2007.



Signed By:

_David L. Bunning_    $DB$

United States District Judge

G:\DATA\SocialSecurity\MOOs\7-07-3-ArnettMOO.wpd

9